UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ALICIA ROBINSON,<br><br>                              Plaintiff,<br>       vs.<br>EDWARD YANKER FAMILY TRUST;<br>DOES 1-10,<br><br>                              Defendants. | CASE NO. 12cv1006 WQH JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Temporary Injunction to Stay the Eviction of Plaintiff and Associates filed by Plaintiff Maria Alicia Robinson. (ECF No. 3).

On April 24, 2012, Plaintiff, proceeding pro se, initiated this action by filing an unverified Complaint. (ECF No. 1). In the Complaint, Plaintiff asserts that "the common law lien and lien assignments to the Defendants brought all mortgage payments current, and that the unlawful detainer and subsequent sale of the property at 3944 Donna Avenue, San Diego, CA 92115 was invalid and violation of modified contract terms and conditions." *Id.* at 1. Plaintiff attaches a Minute Order from the Superior Court of California for the County of San Diego stating that, on April 9, 2012, Defendant Edward Yanker Family Trust was granted judgment against Plaintiff in Case No. 37-2012-00042749-CL-UD-CTL in state court, and that "possession of the premises [was] awarded" as part of that judgment. *Id.* at 39-40. Plaintiff attaches an undated Notice to Vacate the address of 3944 Donna Ave, San Diego, CA 92115, stating that possession of the property must be turned over by April 26, 2012. *Id.* at 26.

On April 25, 2012, Plaintiff filed a Motion for Temporary Injunction to Stay the Eviction of Plaintiff and Associates. (ECF No. 3). Plaintiff requests that the Court "stay the eviction scheduled for Thursday, April 26, 2012...." *Id.* at 2.

The record does not reflect that the Complaint or the Motion for Temporary Injunction have been served on Defendant.

FED. R. CIV. P. 65(a) provides that "the court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a). FED. R. CIV. P. 65(b) provides that the court may issue a temporary restraining order without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant...." FED. R. CIV. P. 65(b). Regardless of notice to Defendant, the standard for issuing a TRO is similar to the standard for issuing a preliminary injunction, and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis and quotation omitted).

As the moving party, Plaintiff has the burden to establish a likelihood of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of Plaintiff. *Immigrant Assistance Project of the L.A. County of Fed'n of Labor*, 306 F.3d at 873. Plaintiff has submitted evidence that a valid state court judgment has issued in this case awarding judgment and possession of the subject property to Defendant Edward Yanker Family Trust. (See ECF No. 3 at 39-40). Plaintiff appears to dispute the merits of the state court judgment, but does not

1  provide grounds for this Court to exercise jurisdiction over a judgment issued by state court.
2  Plaintiff cannot show a likelihood of success on the merits.
3      "When . . . a party has not shown any chance of success on the merits, no further
4  determination of irreparable harm or balancing of hardships is necessary." *Global Horizons,*
5  *Inc. v. United States Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007).
6      IT IS HEREBY ORDERED that the Motion for Temporary Injunction to Stay the
7  Eviction of Plaintiff and Associates (ECF No. 3) is DENIED.
8  DATED: April 25, 2012

                */s/ William Q. Hayes*
                **WILLIAM Q. HAYES**
                United States District Judge